1

2                    IN THE UNITED STATES DISTRICT COURT

3                   FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6    CEDRIC GREENE,

7              Plaintiff,                    CV F 06 0518 OWW WMW P

8        vs.                                 ORDER DISMISSING FIRST
                                             AMENDED COMPLAINT
9    _____WITH LEAVE TO AMEND

10

11   B. SANDERS, et al.,

12            Defendants.

13

14

15        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

16   § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

17   § 636(b)(1).

18        This action proceeds on the first amended complaint, filed in response to an earlier order

19   dismsising the original complaint.  Plaintiff, an inmate in the custody of the California Department of

20   Corrections at CCI Tehachapi, brings this civil rights action against 4 individual defendants employed

21   by the Department of Corrections at CCI Tehachapi.

22        In the order dismissing the original complait, the Court noted that Plaintiff's statement of claim

23   consisted of a single paragraph, setting forth generalized allegations of excessive force and false

24   charges.   Plaintiff was advised that the statute under which this action proceeds  plainly requires that

25   there be an actual connection or link between the actions of the defendants and the deprivation alleged

26   to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978);

                                             1

1    <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another

2    to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative

3    act, participates in another's affirmative acts or omits to perform an act which he is legally required to

4    do that causes the deprivation of which the complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743

5    (9th Cir. 1978).

6           The court found the allegations in plaintiff's complaint to be vague and conclusory.   Plaintiff was

7    specifically advised that he must link individual defendants with specific conduct that constitutes a

8    violation.

9           In the first amended complaint, Plaintiff identifies four individual defendants, and claims

10   that "this complaint concerns a case of misuse, unlawful and excessive use of force.  It also concerns a

11   denial of access to the courts.  Officials furthermore knowingly misprinted legal documents in attempts

12   to justify the violations.  Based on the foregoing, this case concerns violations of state, federal, and

13   constitutional violations."

14          Plaintiff may not hold defendants liable simply by setting forth legal claims.  Plaintiff was

15   specifically advised in the earlier order dismissing his complaint, and is again advised.  The statute

16   plainly requires that there be an actual connection or link between the actions of the defendants and the

17   deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Department of Social Services</u>,

18   436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a]

19   person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983,

20   if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which

21   he is legally required to do that causes the deprivation of which the complaint is made."  <u>Johnson v.</u>

22   <u>Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

23          The Court finds the allegations in plaintiff's first amended complaint, as it did the allegations in

24   the original complaint, to be vague and conclusory.   The Court has determined that the complaint does

25   not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal

26

1    Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the

2    claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).

3    Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in

4    that support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed. R.

5    Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file a second

6    amended complaint.

7           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

8    complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625

9    F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant

10   is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

11   connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362

12   (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743

13   (9th Cir. 1978).

14          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make

15   plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be

16   complete in itself without reference to any prior pleading.  This is because, as a  general rule, an

17   amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir.

18   1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in

19   the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

20   involvement of each defendant must be sufficiently alleged.

21          In accordance with the above, IT IS HEREBY ORDERED that:

22                  1.  Plaintiff's first amended complaint is dismissed; and

23                  2.  Plaintiff is granted thirty days from the date of service of this order to file a second

24   amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of

25   Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

26

                                                    3

assigned this case and must be labeled "Second Amended Complaint."  Failure to file an amended

complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:**   **May 25, 2007**                    **/s/  William M. Wunderlich**
                                                    UNITED STATES MAGISTRATE JUDGE