IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CEDRIC GREENE,

        Plaintiff,         1: 06 CV 0518 OWW WMW PC

  vs.                      FINDING AND RECOMMENDATION

B. SANDERS, et al.,

        Defendants.

      Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss. Plaintiff has opposed the motion.

      This action proceeds against Defendants Sanders, Dozer, Taylor and Kephart on Plaintiff's allegations of excessive force. The event at issue occurred on March 7, 2006 at CCI Tehachapi. Defendants move to dismiss this action on the ground that Plaintiff has failed to exhaust his available administrative remedies prior to filing suit.

      The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

    Section 7 of the Prison Litigation Reform Act was amended to read as follows:

    (a) APPLICABILITY OF ADMINISTRATIVE REMEDIES. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983) or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). In California, there are four levels of review - informal level, first formal level, second formal level, and third formal level. The third formal level constitutes the Director's decision on appeal. Cal. Code Regs. Tit. 15, § 3084.5(e)(2).

    Defendants support their motion with the declaration of N. Grannis, the Chief of Inmate Appeals, and the declaration of K. Sampson, the Appeals Coordinator at CCI Tehachapi. The declarations reveal the following. Between the incident at issue in this lawsuit and the filing of the complaint, Plaintiff submitted four grievances for review at CCI Tehachapi. Sampson Decl., ¶ 3. Of those grievances, Grievance Log Number 06-00929 alleges staff misconduct on March 7, 2006. Id., ¶¶ 3,4; Grannis Decl. ¶¶ 3,5,6. Grievance Number 06-00929 was not exhausted until July 13, 2006. Sampson Decl. ¶ 3, Grannis Decl. ¶ 3. None of the grievances filed between March 7, 2006, and May 1, 2006, were exhausted until after May 1, 2006. Id. This action was initiated by the filing of Plaintiff's complaint on May 1, 2006.

    The Court of Appeals has held that District Courts are required under Prison Litigation Reform Act (PLRA) to dismiss actions without prejudice where prisoner failed to exhaust administrative remedies prior to filing suit but was in process of doing so when motion to dismiss was filed. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

    In his opposition, Plaintiff argues that, as noted in an earlier order dismissing the original complaint and granting Plaintiff leave to file an amended complaint, the amended pleading supersedes the original complaint. The law on this matter is clear. Plaintiff must exhaust his available administrative remedies prior to filing suit. That Plaintiff filed an amended complaint

does not affect the date that the suit was initiated.  Plaintiff does not overcome Defendants' argument.

Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss be granted, and this action be dismissed without prejudice for Plaintiff's failure to exhaust his available administrative remedies prior to filing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 19, 2008**           /s/  **William M. Wunderlich**
                                         UNITED STATES MAGISTRATE JUDGE